IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FELDER, : | |
|     Petitioner, : | |
| : | CIVIL NO. 11-7504 |
|           v. : | |
| : | CRIMINAL NO. 06-0079 |
| UNITED STATES OF AMERICA, : | |
|     Respondent. : | |
| : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                  JANUARY 2, 2013

**INTRODUCTION**

Following his conviction for various drug and firearm crimes and his unsuccessful appeal thereof, John Felder filed the instant Motion to Vacate, Set Aside, and Correct Sentence pursuant to 28 U.S.C. § 2255, primarily arguing that an FBI and Internal Affairs Division investigation into the conduct of the lead police investigator on his case proves that, as he has claimed all along, he is innocent of all of the crimes of which he has been convicted. Mr. Felder's habeas petition boils down to a claim that new evidence proves that he is actually innocent of the crimes for which he was convicted. Because a Federal Rule of Criminal Procedure 33 motion for a new trial, not a motion under § 2255, is the appropriate vehicle to present such a claim and because Mr. Felder failed to file such a motion within the three years allotted by the Rule, he is not entitled to relief, habeas or otherwise.

**FACTUAL BACKGROUND**

According to testimony at trial,[1] in the spring of 2005, the Philadelphia Police Department's investigation into illegal drug sales led them to Petitioner John Felder. More specifically, Officer Kenneth Oglesby, operating undercover, made several controlled purchases of marijuana and crack cocaine, first from co-defendant Gregory Long, and eventually also from Mr. Felder at his residence in Philadelphia. Officer Oglesby requested increasing amounts of crack cocaine, causing Mr. Felder to call on his supplier, co-defendant Theartis Haynes, to deliver additional drug quantities while Officer Oglesby waited to make his purchases. Officer Oglesby also purchased a .25 caliber pistol from Mr. Felder.

After a controlled purchase on June 10, 2005 at Mr. Felder's residence, officers followed supplier Mr. Haynes back to his residence and arrested him there. At the same time, they recovered $2,400 in pre-recorded buy money from Mr. Haynes. On the same day, officers arrested Mr. Felder and searched his residence. When they arrived, according to their testimony, he was seated on the bed in the second floor rear bedroom. In the same room, police recovered $1,100 in pre-recorded buy money, drug paraphernalia, cash, a kilogram of marijuana, 6.5 grams of heroin packaged for distribution, a loaded Glock, Model 17, nine millimeter semi-automatic pistol, and a loaded Colt, Model "Official Police," .38 caliber revolver. In other locations around the house, police recovered additional evidence, including six grams of cocaine base.

Based on this, Mr. Felder was charged with six counts of distribution of cocaine base and aiding and abetting (Counts 4, 6, 8, 9, 10, and 11); two counts of distribution of marijuana and

---

[1] The Government's recitation of the facts presented at trial is consistent with the statement of facts, as set forth in *United States v. Felder*, 389 Fed. Appx. 111 (3d Cir. 2010). To the extent that the facts recited with respect to trial testimony go beyond those related in *Felder*, citations to the trial record are included.

aiding and abetting (Counts 5 and 7); one count of possession of cocaine base with intent to distribute (Count 12); one count of possession of marijuana with intent to distribute (Count 13); one count of possession of heroin with intent to distribute (Count 14); two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts 17 and 18); and two counts of possession of a firearm by a convicted felon (Counts 19 and 20). Co-defendants Haynes and Long both pleaded guilty to multiple charges, while Mr. Felder proceeded to trial on January 29, 2008. Among those testifying at trial against Mr. Felder were Officer Oglesby; Officer Richard Cujdik, the Philadelphia Police Department's lead investigator on the case; and Messrs. Long and Haynes. Mr. Felder also testified at trial, claiming that he had long been addicted to drugs and would have used any drugs in the house if he had known they were there, Tr. 1/31/08 at 131-33; that Mr. Haynes was staying in the rear bedroom at the time of the search, *id.* at 128; and that the officers lied about finding him in that bedroom when they came to search his home, *id.* He also claimed that the firearms belonged to his uncle and had been locked in a safe in his mother's bedroom at the time of the search, *id.* at 128-29; that the cash, aside from the pre-recorded buy money, was money he received in a legal settlement, *id.* at 132-33; and that the officers lied about finding the guns and the cash in the rear bedroom, *id.* at 137-41.

At the conclusion of the trial on February 4, 2008, the jury found Mr. Felder guilty of Counts 4 through 10, 12 through 14, 17, and 18. The jury did not reach a unanimous verdict as to Counts 11, 19, and 20, leading the Court to declare a mistrial as to those counts. The Court granted the Government's motion to dismiss without prejudice Counts 11, 19, and 20, and dismissed Count 17 with prejudice.[2] On June 9, 2008, the Court sentenced Mr. Felder to a total

---

[2] Both Counts 17 and 18 involved possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). After the jury convicted Mr. Felder of both counts, the Government

of 264 months in prison, eight years of supervised release, a $1,000 fine, and a special assessment of $1,100. Mr. Felder appealed his conviction; and the Third Circuit Court of Appeals denied the appeal on August 6, 2010. His judgment of conviction became final on December 8, 2010, when his time for seeking *certiorari* review by the United States Supreme Court expired.

Months after Mr. Felder's trial, the Internal Affairs Division of the Philadelphia Police Department and the FBI began investigating allegations of misconduct by Officer Richard Cujdik in a September 2007 warrantless search of premises unrelated to Mr. Felder's case. In December 2008, at the beginning of the investigation, Officer Cujdik was transferred to a desk job. No charges have been filed against Officer Cujdik. From February through December 2009, the Philadelphia *Daily News* published a serious of articles entitled "Tainted Justice" detailing allegations of misconduct against several Philadelphia Police Department narcotics officers, including Officer Cujdik and his brother, Officer Jeffrey Cujdik. The articles included the information that Officer Richard Cujdik was under investigation and had been transferred to a desk job, as well as that he had not been charged with any wrongdoing.

**DISCUSSION**

### A. Mr. Felder has not set forth a cognizable habeas claim

Despite Mr. Felder's attempts to cobble together a constitutional claim, he has not done so. At trial, Mr. Felder testified that Philadelphia police officers as well as his co-defendants lied, and a jury still found him guilty on several charges. The Third Circuit Court of Appeals upheld the verdict, finding the evidence against him sufficient. *See Felder*, 389 Fed. Appx. at

---

moved to dismiss Count 17 because a defendant may only be convicted of one such violation based on a single predicate offense. *See United States v. Diaz*, 592 F.3d 467, 474-75 (3d Cir. 2010).

114-16. He now argues that new evidence of an investigation into the lead investigator on his case, Officer Richard Cujdik, proves that his conviction was based on false testimony.

At its core, Mr. Felder's argument appears not to rest on any particular constitutional violation, but on a claim of "actual innocence," bolstered by supposedly "newly discovered" evidence. Generally, however, although a claim of "actual innocence" can help a petitioner overcome the procedural default of a constitutional violation, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Schlup v. Deno*, 513 U.S. 298 (1995). Only by presenting new facts that "unquestionably" establish that a petitioner is innocent may a habeas petitioner succeed on an actual innocence claim without some other independent constitutional violation. *See Schlup*, 513 U.S. at 317.

Here, Mr. Felder has failed to present such evidence. Because he already presented evidence through his own testimony at trial that other witnesses were giving false testimony, the only new evidence arguably supporting his innocence now before the Court is evidence that one of the testifying officers has been investigated for possible wrongdoing in connection with a wholly unrelated case. Such evidence does not form the basis of a constitutional claim. *See United States v. McArthur*, 107 Fed. Appx. 275, 277 (3d Cir. 2004) (upholding district court's conversion of habeas petition to Rule 33 motion because the subsequent and unrelated perjury conviction of a testifying witness did not amount to a constitutional violation at petitioner's trial).

5

Mr. Felder attempts to save his habeas claim by arguing that (1) knowingly presenting false testimony is a constitutional violation and (2) not disclosing impeachment evidence is a constitutional violation under *Brady v. Maryland*, 373 U.S. 83 (1963). He cites case law holding that due process is violated when knowingly false testimony is offered in a criminal trial. *See Curran v. Delaware*, 259 F.2d 707, 713 (3d Cir. 2958); *Limone v. Condon*, 372 F.3d 39, 47-48 (1st Cir. 2004). Mr. Felder's case, however, is entirely distinguishable from the cases he cites. In those cited cases, it was actually established (or, in *Limone*, sufficiently alleged in a civil complaint) that police officers had lied on the stand at a criminal trial. Mr. Felder points to no such proof here, beyond his own version of the facts which he presented at trial. His new evidence of an investigation entirely unrelated to his case does not change this. As to his argument that a *Brady* violation occurred, given that the investigation of Officer Cujdik did not even begin until after Mr. Felder's trial had ended, Mr. Felder cannot show that prosecutors withheld exculpatory impeachment evidence. Without a constitutional violation to accompany his claim of actual innocence, and without heavily compelling evidence unquestionably establishing his innocence, Mr. Felder's habeas petition must fail.[3]

**B.      Construed as a Rule 33 motion, Mr. Felder's petition is untimely.**

What Mr. Felder has presented, then, is not a cognizable habeas claim, but rather a Federal Rule of Criminal Procedure 33 motion for a new trial. *See McArthur*, 107 Fed. Appx. at 277 (approving district court's conversion of a habeas petition based on newly discovered evidence to a Rule 33 motion for a new trial). However, if Mr. Felder's petition is construed as a motion for a new trial, it is untimely. Rule 33 requires that a motion for a new trial be filed

---

[3] The Government also argues that Mr. Felder's habeas petition should be dismissed because he failed to raise these "new evidence" arguments on direct appeal. Mr. Felder responds that any failure was due to the inadequacy of his appellate counsel. Because his petition fails to present a cognizable habeas claim, the Court need not resolve this issue relating to counsel's competence.

6

"within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). The jury returned a verdict in Mr. Felder's case on February 4, 2008; the instant petition was not filed until December 7, 2011, more than three and a half after the verdict. Unfortunately for Mr. Felder, unlike in the habeas context, the three-year time limit of Rule 33 is jurisdictional and *not* subject to equitable tolling. *See United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987). Thus, Mr. Felder's motion is untimely and must be dismissed.[4]

### C. Mr. Felder is not entitled to an evidentiary hearing.

If the "files and records of the case conclusively show that the prisoner is entitled to no relief," the Court may deny a habeas petition without an evidentiary hearing. 28 U.S.C. § 2255; *see also Government of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984) (district court has discretion regarding the decision to hold an evidentiary hearing on a § 2255 petition; "The district court need only supplement the factual record when the merits of the section 2255 motion may turn on the truth of a non-frivolous allegation."). Here, it is clear that, even accepting his allegations as true and drawing all factual inferences in favor of Mr. Felder, he still

---

[4] Moreover, even if it had been timely, Mr. Felder's motion presents "new evidence" that is merely impeaching evidence and therefore insufficient to warrant a new trial. *See United States v. Jasin*, 280 F.3d 355, 361 (3d Cir. 2002) (setting forth the requirements for granting relief under Rule 33, including that the newly discovered evidence must not be merely cumulative or impeaching). An investigation into Officer Cujdik's activities in connection with another case that is factually and temporally distinct from Mr. Felder's has "no exculpatory connection" to Mr. Felder's case and is, therefore, merely impeaching. *See United States v. Saada*, 212 F.3d 210, 216-17 (3d Cir. 2000) (upholding denial of Rule 33 motion when newly discovered evidence involved a prosecution witness encouraging another person in an unrelated matter to fabricate evidence to receive a reduced sentence; such evidence had no exculpatory connection to defendants' conduct and did not support an inference that they were "innocent of the charges for which they were convicted"); *see also United States v. Quiles*, 618 F.3d 383, 395 (3d Cir. 2010) ("[I]mpeachment evidence . . . that is merely impeaching without an exculpatory connection with respect to the charge against the defendant or without undermining critical inculpatory evidence . . . will not suffice"). Indeed, Mr. Felder has presented no new evidence undermining any of the other fact witnesses in his case, including Officer Oglesby, who presented evidence of actual controlled buys of drugs from Mr. Felder; Mr. Felder's co-defendants; and other officers who participated in the search of Mr. Felder's residence.

7

is not entitled to habeas relief. Moreover, because the Court need not even resolve any factual disputes to determine that Mr. Felder is not entitled to relief under Federal Rule of Criminal Procedure 33, the Court need not hold an evidentiary hearing under that rule. *See United States v. Kelly*, 539 F.3d 172, 188 (3d Cir. 2009).

**CONCLUSION**

For the reasons set forth above, Mr. Felder's Motion will be denied without an evidentiary hearing. An Order to this effect follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE